UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TERI FIEDLER, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | No. 4:18 CV 1379 CDP |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Teri Fiedler seeks to vacate, set aside or correct her sentence under 28 U.S.C. § 2255. Pursuant to a written plea agreement, Fiedler pled guilty to conspiracy to distribute actual methamphetamine. On October 6, 2017, I sentenced her to a total term of 132 months imprisonment, plus three years of supervised release. Criminal Case No. 4:16CR426 CDP. Fiedler did not appeal. She then filed a § 2255 motion, alleging the following three grounds for relief:[1]

---

[1] Although Fiedler makes a passing reference to her attorney's alleged ineffectiveness when explaining her failure to appeal, she does not state a claim of ineffective assistance of counsel for failing to file an appeal as a ground for relief. Fiedler does not claim that she ever instructed her attorney to file an appeal or that her attorney failed to discuss her appeal rights with her, an allegation that would be conclusively refuted by the record in this case which includes her signed admission that she was "fully informed of [her] right to appeal the final judgment in this case" and that she did not wish to file a notice of appeal and instructed her attorney not to file an appeal. [Doc. # 1493 in Case No. 4:16CR426 CDP]. Instead, Fiedler merely complains that her attorney (accurately) explained the waiver of appellate rights contained in her plea agreement. Such an allegation could not support an ineffective assistance of counsel claim as a matter of law and would be conclusively denied, even if it had been properly raised as a ground for relief, which it was not.

1) Ineffective assistance of counsel because her attorney failed to object to the calculation of her criminal history points in the Presentence Investigation Report;

2) She should have been charged and/or sentenced for a mixture of methamphetamine rather than actual methamphetamine; and

3) Her Fourth Amendment rights were violated because the government "failed to obtain a warrant from her cellular carrier."

I will deny Fiedler's motion without an evidentiary hearing for the reasons that follow.

## Discussion

### A. No Evidentiary Hearing is Required

The records before me conclusively demonstrate that Fiedler has no right to relief. I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citations omitted). The record here conclusively refutes the claims, so I will not hold an evidentiary hearing.

## B. Grounds Two and Three are Procedurally Barred and Meritless

"A collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir. 1987) (internal citation omitted). If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the petitioner can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993); *Mathews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997).[2]

In Ground 2, Fiedler argues that she should have been charged with and/or sentenced under the guidelines applicable to a "mixture or substance containing methamphetamine" instead of the guidelines applicable to "actual methamphetamine." This claim is summarily denied as Fiedler pled guilty to conspiring to distribute "2189 grams of methamphetamine, with a purity of approximately 98 %, for a total of 2145 grams of **actual methamphetamine**." (emphasis supplied) [Doc. # 1121 at 7 in Case No. 4:16CR426 CDP]. When I

---

[2] A movant can also avoid procedural default by demonstrating actual innocence. *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, a § 2255 movant must show either cause and actual prejudice, or that he is actually innocent.") (internal quotation marks and citations omitted). Actual innocence is a strict standard that generally cannot be met "where the evidence is sufficient to support a conviction on the charged offense." *Id.* (internal quotation marks and citation omitted).

asked Fiedler at her guilty plea hearing whether she agreed "that is how much actual methamphetamine [she was] responsible for," she replied, "Yes." [Doc. # 2289 at 12 in Case No. 4:16CR426 CDP]. Fiedler's statements were made to me under oath and cannot be contradicted now. To the extent Fiedler is attempting to argue that I should use the mixture guidelines in cases involving actual methamphetamine, I do not find the argument persuasive, especially in this case where I varied downward from the low-end of the advisory guidelines range by 55 months.[3]

Fiedler's claim in Ground 3 that her fourth amendment rights were violated is also summarily denied. Fiedler complains that the government did not obtain a proper warrant for cell phone records, relying upon the recent United States Supreme Court case *Carpenter v. United States*, 138 S. Ct. 2206 (2018). In *Carpenter*, the Supreme Court held that the acquisition of cell phone records under the Stored Communications Act, 18 U.S.C. § 2703(d), is a search under the Fourth Amendment requiring the government to demonstrate probable cause to obtain the records. 138 S. Ct. at 2221-22. Fiedler's reliance on *Carpenter* is misplaced because the government acquired a Precision Location Warrant for a telephone

---

[3] The government treated this claim as an ineffective assistance of counsel claim even though Fiedler does not raise it as such. Even if it were raised as an ineffective assistance of counsel claim it would still be summarily denied as counsel cannot be ineffective for failing to make a meritless argument such as this one.

4

used by co-defendant Amanda Young[4] and did not obtain any cell phone records under the Stored Communications Act in this case. *Carpenter* does not apply. Even if it did, Fielder knowingly and voluntarily waived her right to raise this issue in her plea agreement. [Doc. # 1121 at 7 in Case No. 4:16CR426 CDP]. Grounds 2 and 3 are therefore denied as meritless and procedurally barred because they could have been raised on direct appeal but were not. As Fiedler provides no attempt to allege sufficient cause and prejudice necessary to overcome the procedural default of any of these claims, they will be denied.[5]

### C. Fiedler Did Not Receive Ineffective Assistance of Counsel

Fiedler brings one claim of ineffective assistance of trial counsel. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Fiedler must prove two elements of the claim. First, she "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial

---

[4] The government also points out another reason why this claim, even if it had been properly raised, would likely fail – namely, that Fiedler lacks standing to assert a fourth amendment challenge to the government's seizure of someone else's cell phone records.

[5] Even if Fiedler's passing complaint about her attorney's explanation of her appellate rights were construed as an allegation of ineffective assistance of appellate counsel in an attempt to avoid the procedural bar, these claims still fail because they are meritless.

5

scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Fiedler "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires her to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if petitioner makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). Under these standards, Fiedler did not receive ineffective assistance from her attorney.

In her first ground for relief, Fiedler alleges that her attorney was constitutionally ineffective for failing to object to the calculation of her criminal history points in the Presentence Investigation Report. In support of this claim, Fiedler incorrectly asserts that she should have only received one criminal history point, not two, for her December 12, 2011 prior conviction because it did not result in a sentence exceeding one year and one month under Section 4A1.1(a) of the Sentencing Guidelines. U.S.S.G. § 4A1.1(a) (assessing 3 points for each prior sentence exceeding one year and one month). Fiedler was sentenced to one year imprisonment followed by five years of probation for her December 12, 2011 conviction. Although Fiedler correctly notes that her prior conviction did not

6

exceed one year and one month under subsection (a) of the guideline, she was still properly assessed two points, not one, for this conviction under subsection (b) of the guideline, which provides that a defendant should be assessed "2 points for each prior sentence of imprisonment of at least sixty days not counted in (a)." U.S.S.G. § 4A1.1(b). The Presentence Investigation Report correctly assessed two criminal history points for that conviction, so counsel cannot be ineffective for failing to make this meritless argument as a matter of law. *See Rodriquez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

Moreover, counsel ably advocated for petitioner at sentencing, resulting in Fiedler obtaining a sentence of 132 months, which was a substantial variance from the advisory guidelines range of 188-235 months. Despite the correct calculation of Fiedler's criminal history contained in the Presentence Investigation Report, counsel argued for a variance from the guidelines range on the ground that Fiedler's criminal history was overstated. While the government opposed the extent of the variance requested by counsel, it eventually conceded that a sentence within the guidelines range would have been excessive in Fiedler's case. The Court agreed and varied downward substantially as a result. Under these circumstances, Fiedler cannot maintain an ineffective assistance claim as a matter of law. Ground 1 of Fiedler's § 2255 motion is denied.

### D. I Will Not Issue a Certificate of Appealability

As Fiedler has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Teri Fiedler's motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Fiedler has not made a substantial showing of the denial of a federal constitutional right.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of February, 2019.